IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| KHAKIM ASLONOV,<br>    Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | EP-26-CV-00239-DB |
| WARDEN OF THE ERO EL PASO<br>CAMP EAST MONTANA, *et al.,*<br>    Respondents. | §<br>§<br>§<br>§ | |

## ORDER GRANTING AMENDED WRIT IN PART

On this day, the Court considered the above-captioned case. On February 6, 2026, Petitioner Khakim Aslonov filed an "Amended Emergency Verified Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order and Preliminary Injunction," ECF No. 3. Petitioner is currently detained at the Camp East Montana detention facility in El Paso, Texas in the Western District of Texas. ECF No. 1 at 4. He argues his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* at 3.

Petitioner is a Tajikistan national who entered the United States in 2022. *Id.* at 3. Petitioner applied for asylum and withholding of removal in 2023 and his case is currently pending. *Id.* Petitioner was previously released on an Order on Release on Recognizance. *Id.* On January 12, 2026, Petitioner detained by police in Wisconsin and then transferred to Immigration and Customs Enforcement custody. *Id*. Petitioner does not have a criminal history and is not a flight risk. *Id.* Among other things, Petitioner argues mandatory detention under 8 U.S.C. 1225(b) as applied to him violates his Fifth Amendment procedural due process rights because he has a fundamental liberty interest in being free from official restraint and he is being deprived of an individualized hearing to justify his detention. *Id.* at 6.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See, e.g., Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025). The Court previously noted it appears from the writ that it should be granted. *See* ECF No. 4 at 2. Nonetheless, this Court afforded Respondents three days to respond as to why it should not be, and directed that in so doing, "Respondents should avoid boilerplate arguments this Court has already rejected in one of many immigration habeas cases to date. Absent any new authority, Respondents can safely assume the Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome." *Id.*

Respondents filed their response on February 11, 2026, ECF No. 4. Therein, Respondents aver the Fifth Circuit's recent decision in *Buenrostro v. Bondi*, No. 25-20496, ---- F.4th ---- 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) is dispositive in this case. ECF No. 4 at 1. Respondents reason "Petitioner's contention that detention should be governed by, 8 U.S.C. § 1226, that Petitioner is being unlawfully detained and deprived of a bond hearing, and that the detention violates the United States Constitution were rejected in *Buenrostro*." *Id.* at 3. This Court disagrees.

This Court acknowledges the Fifth Circuit's precedential decision in *Buenrostro-Mendez* held Respondents' statutory interpretation of Section 1225(b)'s mandatory detention provision is correct. However, *Buenrosto-Mendez* does not change this case's outcome on procedural due process grounds. In its original due process analysis, this Court accepted without deciding Respondents' interpretation was true. *See, e.g., Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) ("The parties argue about Respondents' novel interpretation regarding mandatory detention under Section 1225(b) and whether Petitioner falls

within it. Even assuming without deciding Respondent's reading is correct, the Court will not address these arguments because the Court finds Petitioner is entitled to procedural due process in his as-applied challenge."). In accepting the interpretation as true at the outset, this Court already considered the posture Respondents have now definitively established in the Fifth Circuit. Without more, this Court will not deviate from its as-applied analysis in light of Petitioner's constitutional rights.

In their attempt to achieve a different outcome in this case, Respondents raise two points this Court has already rejected in previous decisions. First, Respondents allege "Petitioner is receiving or has received due process afforded through removal proceedings in immigration court." ECF No. 5 at 12. Respondents reason that "[i]n upholding the facial constitutionality of § 1225(b) the Supreme Court in *Thuraissigiam* found that applicants for admission are entitled only to the protections set forth by statute in the INA. *Dep't of Homeland Sec. v. Thuraissigiam*, 91 U.S. 103, 140 (finding aliens who arrive at ports of entry are 'treated' for due process purposes 'as if stopped at the border' and 'only have rights regarding admission that Congress has provided by statute')". *Id.* at 11. Meaningfully distinct in this case is that Petitioner is raising an as applied procedural due process challenge, not a facial one. Petitioner was released under an order of recognizance into the United States in 2022 and has been living in the country since then. ECF No. 3 at 3. As this Court has made clear:

> Respondents' position overlooks the well-established "distinction between an alien who has effected an entry into the United States and one who has never entered [that] runs throughout immigration law." *Zadvydas [v. Davis]*, 533 U.S. [678,] 693 [2001]. "[O]nce an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all "persons" within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* (collecting cases). Even in

> *Thuraissigiam*, the core point of the Court's analysis in rejecting an as-applied challenge rested on the fact that as an individual who was on the initial threshold of entry, he wasn't entitled to more due process than that afforded by statute. Precedent and logic tell us that those individuals who have established ties in the country are protected by constitutional procedural due process. After all, it is a "well established" rule "that the Fifth Amendment entitles aliens to due process of law." *Trump v. J. G. G.*, 145 S. Ct. 1003, 1006 (2025).

*Zafra*, 2025 WL 3239526 at *3.

Respondents' second point on the matter is that the Fifth Circuit noted *Zadvydas v. Davis* is inapplicable in these circumstances. ECF No. 5 at 12. This Court agrees. Given Petitioner is not subject to a final order of removal, 8 U.S.C. § 1231, which *Zadvydas* analyzes, does not apply to Petitioner. *See* ECF No. 5 at 3 (noting Petitioner is scheduled for a master calendar hearing on March 6, 2026). In sum, because no new procedural due process arguments were raised and the facts of this case were not distinguished, the same result this Court has reached in similar cases since October 2025 is warranted in this case.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), **IT IS HEREBY ORDERED**, Petitioner Khakim Aslonov's "Amended Emergency Verified Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order and Preliminary Injunction," ECF No. 3 od **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL PROVIDE** Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued

detention; or (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings **no later than February 16, 2026.**

**IT IS FURTHER ORDERED** that, if applicable, Respondents **SHALL FILE** an advisory informing the Court when the bond hearing will be held in accordance with the preceding order **no later than February 13, 2026**.

**IT IS FINALLY ORDERED** that, if applicable, Respondents **SHALL FILE** an advisory informing the Court, in detail, of the reasons for the IJ's bond hearing decision **no later than February 19, 2026.**

**SIGNED** this **12th** day of **Feburary 2026**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE